

# NUMBER 13-20-00350-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**IN THE MATTER OF BUMSTEAD FAMILY IRREVOCABLE TRUST**

On appeal from the Probate Court No. 1
of Harris County, Texas.

# ORDER

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Order Per Curiam**

On August 10, 2020, this Court ordered a partial stay of the trial court's "Order Suspending Powers of Trustee and Appointing Receiver," which was signed by the trial court on July 20, 2020, and which is the subject of this appeal. On August 20, 2020, after further briefing, we issued a separate order providing that our stay would remain in effect. On March 11, 2021, this Court concluded that the trial court did not abuse its discretion in

ordering appellant Taylor C. Moss[1] to file a bond in the amount of $10,000,000. Accordingly, we sustained the trial court's order requiring Moss to post the bond.

Currently before the Court is "Appellees' Motion to Modify Stay Order In Light of Developments During 2021."[2] Appellees assert that Moss has not filed the bond as ordered and continues to mismanage and deplete trust assets. They request that we "modify [our] stay orders of August 10, 2020 and August 20, 2020 to allow the receiver to post his own $10 million dollar bond and to proceed under the trial court's supervision" as provided in the trial court's July 20, 2020 order.

This Court requested and received a response to the motion to modify from appellants. Appellants assert that appellees are attempting to "create a new order based on new events," dispute appellees' allegations of misuse and depletion, contend that appellees are to blame for certain specified damages, claim that Moss has acted properly and diligently, and argue that appellees are attempting to obtain Moss's personal property by virtue of a temporary order. Appellants also assert that the "application of mandatory supersedeas bond rules is currently being litigated in the trial court." Finally, appellants have also moved to strike the "new evidence" that appellees filed in support of their motion to modify.

Appellees have filed a reply to appellant's response.

---

[1] Appellants include Taylor C. Moss, individually, as trustee of the TCM Trust; the Bumstead Living Trust; the Bumstead Family Trust; the Bumstead Survivor's Trust; and the Sylvia M. Bumstead Revocable Trust, and as Manager of Wolf Trot Properties, LLC and Wolf Trot Properties d/b/a Melia Investments, LLC, DeisoMoss, LLC and DeisoMoss Property Management, LLC.

[2] Appellees include Debra M. Holzworth, Kathryn S. Marcotte, and Carol Bumstead Moss, Individually, as Trustees of their respective Exempt Trusts, as Trustees of their respective Descendant's Trusts, as Co-Trustees of the Bumstead Family Irrevocable Trust, and as Named Co-Trustees of the Bumstead Family Trust.

The Court, having examined and fully considered "Appellees' Motion to Modify Stay Order In Light of Developments During 2021" and appellant's response thereto, is of the opinion that appellees' motion should be granted in part and denied in part. For numerous reasons, we conclude that the motion should be granted insofar as this matter should be abated and remanded to the trial court for its consideration. First, according to appellants, issues pertaining to the bond and supersedeas are actively being litigated at this time in the trial court. The intersection between trial court and appellate court jurisdiction with regard to the enforcement and suspension of a judgment can be challenging to ascertain during the pendency of an appeal, and we wish to clarify the trial court's jurisdiction in this matter. Second, the trial court has already expended substantial time and resources on the issues presented here and has the ability to handle any additional fact-finding necessary. Third, and finally, the dispute currently before the Court is engendered in primary part because Moss has failed to comply with the trial court's order requiring him to post a bond. The effect of Moss's failure to comply with the trial court's order should be devoted to that court's sound discretion.

Accordingly, we abate and remand this case for the purposes expressed herein. We grant appellees' motion in part insofar as we lift our stay to the extent necessary for the trial court to fully consider these matters and to issue any orders it deems appropriate under the circumstances. Without circumscribing the trial court's discretion regarding the course of events described by the parties, we caution against orders on the merits regarding the ownership of disputed assets to the extent that such orders could render all or part of this appeal moot. We deny appellees' motion to modify in all other aspects. Given our action in remanding the issues presented here to the trial court, we dismiss as moot appellants'

motion to strike the "new evidence" attached to appellees' motion. We direct the trial court to file supplemental records regarding these proceedings on remand.

In conclusion, we note that this appeal has now been fully briefed, and the issues presented are currently under consideration by the Court on the merits.

PER CURIAM

Delivered and filed on the
24th day of June, 2021.